# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1286

_____

United States of America,

   Appellee,

 v.

Joshua Parks,

   Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Nebraska.

_____

Submitted: February 24, 2005
Filed: July 21, 2005

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Joshua Parks was convicted by a jury of one count of conspiracy to distribute and possession with the intent to distribute over fifty grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and three counts of aiding and abetting a false statement in connection with a firearm purchase in violation of 18 U.S.C. § 922(a)(6). In his initial appeal to this court, Parks disputed whether the jury had sufficient evidence to find a conspiracy involving more than fifty grams, and whether there was sufficient evidence presented to support the gun charges. Parks also

challenged the district court's[1] denial of his motion for downward departure pursuant to U.S.S.G. §§ 5H1.1, 5K2.0, and 4A1.3. Finally, Parks appealed the district court's evidentiary ruling permitting the government's use of demonstrative aids during trial.

After we affirmed the judgment and sentence imposed by the district court, *United States v. Parks*, 364 F.3d 902 (8th Cir. 2004), the United States Supreme Court granted Parks's petition for certiorari. *Parks v. United States*, No. 04-5305, 2005 U.S. LEXIS 1072, at *1 (Jan. 24, 2005). The Supreme Court held the Federal Sentencing Guidelines to be no longer mandatory, but advisory. *United States v. Booker*, 125 S. Ct. 738, 756–57, 769 (2005). The Court vacated our judgment and remanded the case for further consideration in light of *Booker*. *Parks*, 2005 U.S. LEXIS 1072, at *1. We reaffirm our earlier judgment in all respects and supplement our prior opinion with the following discussion regarding Parks's sentencing.

Parks argues that the sentencing enhancements for the amount of methamphetamine attributable to Parks and possession of a firearm in connection with the offense, had to be found by the jury beyond a reasonable doubt. There was also *Booker* error because the Guidelines were applied as mandatory, rather than advisory. However, because Parks neither objected before the district court at sentencing on the basis of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), or the Sixth Amendment, nor challenged the constitutionality of the Guidelines, we review for plain error. *See United States v. Pirani*, 406 F.3d 543, 549-50 (8th Cir. 2005). Plain error review is governed by the four-part test of *United States v. Olano,* 507 U.S. 725, 732–36 (1993), which provides that "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights." *Pirani*, 406 F.3d at 550. If all three conditions are met, then "an appellate court may then exercise its

---

[1] The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The first two *Olano* factors are satisfied. *Id.* To prove the third *Olano* factor, that the errors affected his substantial rights, Parks must show that there is a reasonable probability that "the district court would have imposed a more favorable sentence under the advisory guidelines regime mandated by *Booker*." *Pirani*, 406 F.3d at 553. Parks's brief does not argue that the district court would have imposed a more favorable sentence under an advisory guidelines regime and the record on appeal would not support this contention. While he was sentenced at the bottom of the obstruction-of-justice Guidelines range, this is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the *Booker* error. *Id.* Parks has failed to meet his burden of proving prejudicial plain error.

We affirm the decision of the district court in all respects.

_____